USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Thomas Gesualdi, LOUIS BISIGNANO, ANTHONY D'AQUILA, MICHAEL BOURGAL, FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC HEBST, DENISE RICHARDSON, and THOMAS CORBETT as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund,

Plaintiffs,

-against-

WJL EQUITIES CORP., CNB CONTRACTING CORP., WJL CONSTRUCTION CORP., and DANIELLE BUENAVENTURA,

Defendants.

No.15-cv-05194 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiffs, as trustees and fiduciaries of several union funds, bring this action against Defendants, employers and former employers of union members, asserting claims, *inter alia*, pursuant to Sections 502(a)(3) and 515 of the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 USC §§ 1132(a)(3) and 1145, and for breach of contract, seeking to collect delinquent contributions owed to the named employee benefit plans.[1] Defendants appeared in the action and filed an answer. Before the Court is Plaintiffs' motion for partial summary judgment on their first cause of action for breach of contract. (ECF No. 83.) For the following reasons, Plaintiffs' unopposed motion is GRANTED.

---

[1] The operative Complaint in this action is the Second Amended Complaint (ECF No. 59)

**BACKGROUND**

The following information was derived from a review of the court docket, Plaintiffs' motion papers, and Plaintiffs' Rule 56.1 statement.

Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas Corbett (collectively, "Plaintiffs") are trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Funds"). (Second Amended Complaint ("SAC") ¶ 3, ECF No. 59.) The Funds are employee benefit plans and multiemployer benefit plans within the meaning of 29 U.S.C. §§ 1002(3) and (37) for Teamster Union Local 282. (*Id.* ¶ 4.) The Funds are jointly administered by a Board of Trustees, which includes the named Plaintiffs. (*Id.*) Defendants WJL Equities Corp. ("WJL"), CNB Contracting Corp. ("CNB"), WJL Construction Corp. ("WJLC") (collectively, "Defendant Corps") are New York based employers and/or former employers of Plaintiffs' members. (*Id.* ¶¶ 8–10.) Danielle Buenaventura ("Buenaventura") is the President of WJL and WJLC. (*Id.* ¶ 11.) Defendant Corps entered into collective bargaining agreements whereby they agreed to make specified monetary contributions to the Funds on behalf of their employee members. (*See id.* ¶ 16.)

WJL failed to make timely payments to the Funds for the periods of November 2011, March 2012, May 2012 through October 2012, December 2012, and January 2013 through February 2013. During the course of an audit, it was determined there were additional contributions and fees owed for the period September 25, 2010 through October 2, 2011, October 2011 through December 2011, January 2012 through April 2012, November 2012 through December 2012, and through May 2013. (SAC, Exh. A, Settlement Agreement 3–4, ECF No. 59.) Additionally, WJL agreed to make payments owed by Ace Ready Mix Concrete ("Ace"). (*Id.* at 2.) By written Settlement Agreement, dated July 2,

2013, WJL acknowledge owing the Funds $458,176.39, and agreed to pay a total of $400,291.68, in full satisfaction of monies owed for the specified periods, plus interest, in thirty-four (34) monthly installment payments. (*Id.* at 6; Pl. Local Rule 56.1 Statement of Undisputed Facts ("Pl. 56.1") ¶ 1, ECF No. 87.) The Settlement Agreement also references an "Affidavit for Judgment of Confession" ("AJC") executed by Buenaventura, wherein she guaranteed payment of the full amount of the monies originally owed if WJL failed to pay as agreed. (SAC, Exh. A, Aff. for J. by Confession ("AJC") 12, ECF No. 59; Pl. 561 ¶ 4.)

## LEGAL STANDARD

### SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation and quotation marks omitted). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summ. order). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir.

2010) (internal quotation marks omitted). In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250.

Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999). The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation and quotation marks omitted). Moreover, "[a non-moving party's] self-serving statement, without direct or circumstantial evidence to support the charge, is insufficient to defeat a motion for summary judgment." *Fincher v. Depository Trust & Clearing Corp.*, No. 06 Cv. 9959 (WHP), 2008 WL 4308126, at *3 (S.D.N.Y. Sept. 17, 2008), *aff'd*, 604 F.3d 712 (2d Cir. 2010) (citing *Gonzales v. Beth Israel Med. Ctr.*, 262 F. Supp. 2d 342, 353 (S.D.N.Y. 2003)).

Local Rule 56.1(b) requires that the non-moving party's "papers opposing a motion for summary judgment . . . include a correspondingly numbered paragraph responding to each numbered paragraph in the [56.1] statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local R. 56.1(b). Defendants herein failed to submit a 56.1 statement in opposition to Plaintiffs' motion as required by the Court's local rules.

Defendants' failure to specifically controvert the statements made in Plaintiff's 56.1 statement results in Plaintiff's statements being deemed admitted for purposes of this motion. Loc. Civ. R. 56.1(c); *see Davis-Bell v. Columbia Univ.*, 851 F. Supp. 2d 650, 658 (S.D.N.Y. 2012). It is, however, well within this Court's discretion to conduct a review of the record to determine whether the facts as alleged are supported. See *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal quotation marks and citations omitted).

**SETTLEMENT AGREEMENTS**

"A settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007) (citing *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005)). When a party makes a deliberate, strategic choice to settle an action or claim, a court cannot relieve him of that choice simply because the parties assessment of the consequences was incorrect. *Powell*, 497 F.3d at 128 (citing *United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994)). Thus, the court's obligation is to enforce the agreement, provided it is enforceable.

A fundamental principle of contract law is that agreements are to be interpreted in accordance with the parties' intent. *American General Life Ins. Co. v. Gottdenger*, No. 09-CV-07083 (NSR), 2017 WL 4217149, at *2 (S.D.N.Y. Sept. 20, 2017) (citing *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002)). The best evidence of the parties' intent is what is contained within their writing. *Greenfield*, 98 N.Y.2d at 569 (quoting *Slamow v. Del Col*, 79 N.Y.2d 1016, 1018 (1992)); *see also Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 603 F.3d 169, 180 (2d Cir. 2010) ("When interpreting a contract, the intention of the parties should control . . . [, and] the best evidence of intent is the contract itself.") (citation and internal quotations omitted) (alteration in original). Words of a contract are to be given a "fair and reasonable meaning" in accordance with the parties' intent. *Sutton v. E. River Sav. Bank*, 55 N.Y.2d 550, 555 (1982) (quoting *Heller v. Pope*, 250 N.Y. 132, 135 (1928)). The terms of an

agreement must be considered not in isolation from context, but in light of the overall obligation and intention of the parties as manifested therein. *See Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (citing *Kass v. Kass*, 91 N.Y.2d 554, 566 (1998)).

When a genuine dispute over the meaning of a contract exists, the court must determine whether the terms are ambiguous. *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 66 (2d Cir. 2000). Whether the terms of a contract are ambiguous or unambiguous is a question of law for the court to decide. *Id.* A clear and unambiguous agreement must be interpreted in accordance the plain meaning of its terms without aid of extrinsic evidence. *Law Debenture Tr. Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010) (citing *Greenfield*, 98 N.Y.2d at 569). Generally, when the language of an agreement is deemed ambiguous, its interpretation presents a question of fact which may not be resolved by the court on a motion for summary judgment. *Mellon Bank, N.A. v. United Bank Corp. of New York*, 31 F.3d 113, 116 (2d Cir. 1994). However, summary judgment may be granted where the language in the agreement is ambiguous and there is relevant extrinsic evidence which, when considered, creates no genuine issue of material fact and permits interpretation of the agreement as a matter of law. *See Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, & Smith, Inc.*, 232 F.3d 153, 159 (2d Cir. 2000) (quoting *Shepley v. New Coleman Holdings Inc.*, 174 F.3d 65, 72 n.5 (2d Cir. 1999)).

**GUARANTY**

A guaranty is a collateral undertaking to answer for the payment of another. *See Terwilliger v. Terwilliger*, 206 F.3d 240, 246 (2d Cir. 2000). A guaranty is to be interpreted using the same principles that govern the interpretation of other forms of contract. *In re S. Side House, LLC*, 470 B.R. 659, 675 (Bankr. E.D.N.Y. 2012) (citing *Gen. Phoenix Corp. v. Cabot*, 300 N.Y. 87, 92 (1949)). Generally, a "guarantor is not liable unless the principal is bound." *Pro-Specialties, Inc. v. Thomas Funding Corp.*, 812 F.2d 797, 799 (2d Cir. 1987) (quoting *Walcutt v. Clevite Corp.*, 13 N.Y.2d 48, 56 (1963)). A

guarantor's obligation is secondary to the principal obligation unless the guarantor assumes primary liability by way of novation. *Pro-Specialties, Inc.*, 812 F.2d at 799.

## DISCUSSION

Plaintiffs seek enforcement of the Settlement Agreement due to WJL's failure to make timely payments as required by the agreement. (Pl. Mem. of Law in Supp. of Mot. for Partial Summ. J. ("Pl. Mot.") 1, ECF No. 86.) Plaintiffs assert that WJL's breach of the Settlement Agreement warrants the granting of summary judgment as a matter of law. (*Id.* 4–6.) Plaintiffs also move for summary judgment against Buenaventura, as guarantor of WJL's debt. (*Id.*)

A review of the Settlement Agreement reveals clear and unambiguous terms. In exchange for a reduction in the monies owed to the Funds, WJL agreed to make timely installment payments. (*See* Settlement Agreement 4–7.) In the event of a default, the Funds were required to provide notice of default to WJL's counsel. (*Id.* 8–9.) If WJL failed to cure the default, the Funds recourse was to commence an action for the amounts due and owing. (*Id.*) Plaintiff presented proof of partial payments by WJL, of a default, service of a notice of default, and a failure to cure the default. (*See generally* Decl. of Joseph Puccio, ECF No. 85; Decl. of Jonathan Bardavid, ECF No. 84.) Thus, Plaintiff established entitlement to the relief sought against WJL.

The Court further determines that Plaintiffs are entitled to summary judgment as against Buenaventura, as guarantor under the Settlement Agreement. In the Settlement Agreement, which Buenaventura executed as President of WJL, she agreed to serve as a guarantor of the payment of monies due and owing. Referenced in the Settlement Agreement, and attached as an exhibit, is an AJC executed by Buenaventura. Much like the Settlement Agreement, the guaranty is clear and unambiguous. As guarantor, Buenaventura personally obligated herself to repay all monies originally due and owing should WJL default in its payment obligations under the Settlement Agreement. (AJC 12–13.) As previously mentioned, Plaintiffs presented proof of compliance with the Settlement

7

Agreement and of WJL's default. WJL's failure to pay as required by the settlement agreement entitles Plaintiffs to seek relief against Buenaventura as the guarantor. Buenaventura's indebtedness is to be determined in accordance with the terms of the guaranty. The AJC provides that in the event of a default, Plaintiffs are entitled to a judgment as against Buenaventura in the sum of $458,176.39, (less any payments made) with interest and fees. (*Id.* at 11.)

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment on their first cause of action against WJL and Buenaventura is GRANTED. Plaintiff is entitled to judgment as against WJL in the amount of $400,291.68, plus interest and fees (less any payments received). Plaintiff is also entitled to judgment in the amount of $458,176.39, plus interest and fees (less any payments received). The Court respectfully directs the Clerk to terminate the motion at ECF No. 83. Plaintiffs are directed to submit a proposed judgment within fifteen days hereof. This constitutes the Court's Opinion and Order.

Dated: June 12, 2018
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge