*Gesualdi, et al. v. WJL Equities Corp., et al.*
*15 cv 5194 (NSR)*

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into between the trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds ("Funds"), and WJL Equities Corporation ("WJL Equities") WJL Construction Corporation ("WJL Construction"), CNB Contracting Corporation ("CNB"), Danielle Buenaventura ("Buenaventura"), and William Lougheed, Jr., as partial guarantor. For ease of reference, the foregoing defined entities and individuals are sometimes referred to herein as a "Party" or collectively as the "Parties."

## RECITALS

**WHEREAS**, the Funds commenced action against WJL Equities, WJL Construction, CNB, and Buenaventura in the United States District Court for the Southern District of New York, entitled *Gesualdi, et al. v. WJL Equites Corp. et al.,* Case No. 15-cv-05194 (NSR)(LMS) (the "Litigation"); and

**WHEREAS**, in the Litigation the Funds obtained a Judgment against WJL Equities and Buenaventura, jointly and severally, for the sum of $600,373.25 (the "Judgment"); and

**WHEREAS**, in the Litigation the Funds also sought Judgment against WJL Equities, WJL Construction, CNB, jointly and severally, in the amount of $1,083,779.76, plus attorneys' fees and additional interest and liquidated damages accruing as of (and including) June 8, 2019 (the "Claim") and to hold WJL Construction and CNB, jointly and severally liable for the Judgment; and

58962/0001-17767868v1

**WHEREAS**, the Claim consists of, among other things: (1) $395,623.48 in reported unpaid contributions for the weeks ending May 3, 2015 through September 6, 2015; May 1, 2016 through December 9, 2017, January 1, 2017; and April 1, 2017 through December 9, 2017; (2) $2,392.26 in unpaid contributions on Audit #13-0973; (3) $1,807.60 in unpaid contributions on Audit #14-1314-A1; (4) $106,729.93 in unpaid contributions on Audit 16-0122; (5) $2,707.27 in unpaid contributions on Audit 17-0566-A2; and (6) audit fees for the aforesaid audits in the amount of $4,542.66, plus interest and liquidated damages on unpaid contributions, plus attorneys' fees and costs; and

**WHEREAS**, to avoid the time and expense associated with continued and further litigation involving these matters, the Parties have reached an agreement in principle and wish to memorialize same in a written settlement agreement, which shall reduce to writing the complete and final settlement of the claims, differences, and causes of action currently brought in connection with the Litigation, Judgment, or Claim without any admission of liability or wrongdoing; and

**WHEREAS**, the Parties acknowledge and agree that they have had a full and fair opportunity to investigate their various claims and defenses; and

**NOW, THEREFORE**, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration provided to each Party hereto, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## SECTION 1 – INCORPORATION

1.1    Each of the foregoing recitals are incorporated by reference herein, as are any referenced documents, and both are made a part of this Settlement Agreement by incorporation.

## SECTION 2 – SETTLEMENT TERMS AND CONDITIONS

2.1    In consideration for the discontinuance of this lawsuit and the limited mutual releases set forth herein, WJL Construction and CNB agree to collectively pay the Funds, and the Funds agree to accept, the aggregate sum of Nine Hundred Seventy-Two Thousand Dollars and Zero Cents ($972,000.00) (the "Settlement Amount").

2.2    The Settlement Amount shall be paid in accordance with the following schedule:

| No. | Due Date | Amount |
|---|---|---|
| 1 | On Execution | $110,000.00 |
| 2 | 10/30/2019 | $110,000.00 |
| 3 | 12/30/2019 | $ 50,000.00 |
| 4 | 3/30/2020 | $ 50,000.00 |
| 5 | 6/30/2020 | $ 50,000.00 |
| 6 | 9/30/2020 | $ 50,000.00 |
| 7 | 12/30/2020 | $ 50,000.00 |
| 8 | 3/30/2021 | $ 50,000.00 |
| 9 | 6/30/2021 | $ 50,000.00 |
| 10 | 9/30/2021 | $ 50,000.00 |
| 11 | 12/30/2021 | $ 50,000.00 |
| 12 | 3/30/2022 | $ 50,000.00 |
| 13 | 6/30/2022 | $252,000.00 |
| TOTAL | | $972,000.00 |

58962/0001-17767868v1

2.3     All payments shall be made by check payable to the "Local 282 Funds" and delivered to the Local 282 Funds at 2500 Marcus Avenue, Lake Success, New York 11042, Attn: Joe Puccio.

2.4     Upon payment in full of the Settlement Amount the Funds shall file a Satisfaction of Judgment in the Litigation and, if necessary, a discontinuance of the Litigation with prejudice and without costs or attorney's fees to either party as against the other. In addition, within ten (10) business days of the Funds' receipt of the final payment, and confirmation the payment cleared the Funds' accounts, the Funds shall return, via overnight mail, any and all originals or copies of the executed confessions of judgment (described below and appended hereto as Exhibits A-C) to Brian Gardner, Esq. of Cole Schotz P.C.

2.5     CNB acknowledges its obligation to timely submit remittance reports and timely pay self-reported contributions going forward after the execution of this Settlement Agreement under its current and any subsequent collective bargaining agreement with Teamsters Local 282 is a material term of this Agreement.

2.6     As security for the payments due under this Settlement Agreement and contemporaneous with its execution: (1) WJL Construction and CNB agree to execute corporate confessions of judgment for the Settlement Amount, which are attached as **Exhibits "A"** and **"B,"** respectively; (2) William Lougheed, Jr., agrees to execute an individual confession of judgment guaranteeing any unpaid balance of the Settlement Amount up to $200,000.00, which is attached as **Exhibit "C"**; (3) CNB agrees and consents to the Funds filing a UCC lien and UCC-1 against its current and future accounts

receivable (for the sake of clarity such liens, however, cannot be enforced unless a default is uncured and, even then, any enforcement is limited to the settlement amount less any payments); (4) CNB agrees and consents to the Funds immediately placing liens and filing UCC-1 statements on the five vehicles identified in **Schedule "A"** (the "Vehicles") and will cooperate with the Funds to perfect the liens on these vehicles pursuant to N.Y.U.C.C. § 2118; (5) CNB agrees to not sell, transfer, secrete, hypothecate, use as collateral or encumber the Vehicles or assign, encumber, use as collateral or provide a security interest in its accounts receivables without the express written consent of the Funds.

2.7     William Lougheed, Jr. shall re-execute the affidavit of confession of judgment (Exhibit C) within fourteen (14) days of demand to Brian Gardner, Esq. of Cole Schotz P.C. or by December 30, 2021. The failure of William Lougheed, Jr. to provide a re-executed affidavit of confession of judgment in accordance herewith shall constitute a default under this Settlement Agreement.

### SECTION 3 – DEFAULT

3.1     WJL Construction and CNB and William Lougheed, Jr. will be in default of this Settlement Agreement in the event WJL Construction or CNB: (1) fail to timely make any payment to the Local 282 Funds as set forth in Paragraph 2.2, *supra*, when due; (2) breach any other provision of this Settlement Agreement, including executing and cooperating with the perfection of security instruments set forth herein and obligations set forth in Paragraphs 2.6 and 2.7 above; (3) there is a change of control of any of the corporations;  (4) any corporation signed to this Agreement files for bankruptcy protection or is forced into bankruptcy; or (5) fails to timely submit

remittance reports and pay self-reported contributions when due under the terms of its/their current and any subsequent collective bargaining agreement with Teamsters. Local 282.

3.2    In the event WJL Construction and CNB default on any payment or other obligations required by this Settlement Amount or the perfection of any security instruments, they shall have seven (7) calendar days from the date a Notice of Default is transmitted to WJL Construction or CNB via email to the following email addresses dbuenaventura@wjlequities.com, bill@cnbcorp.net and BGardner@coleschotz.com, to cure the default. In the event of any uncured default, the Funds may immediately file without further notice the corporate Confessions of Judgment attached to this Settlement Agreement and take any other action to enforce the terms of this Settlement Agreement. The Funds may file the individual confession of judgment without further notice after the expiration of twenty (20) days from any uncured default.

3.3    In the event of filing of any confession of judgment, WJL Construction, CNB, and William Lougheed, Jr. waive and shall not assert any affirmative defense to payments due hereunder other than actual tender of payment, or the Fund's improper, inappropriate or premature filing of the confession of judgment.

3.4    In addition to the remedies set forth above, any Party may also move to compel or enforce any and all of their interests and rights under this Settlement Agreement in state court in New York County or federal court in the Southern or Eastern Districts of New York. The parties agree these Courts shall have subject matter

58962/0001-17767868v1

and personal jurisdiction to enforce the provisions of this Settlement Agreement. The prevailing party in any action to compel or enforce compliance with this Settlement Agreement shall, subject to the court's discretion, be entitled to reimbursement from the non-prevailing party for all of its reasonable attorneys' fees and costs incurred in connection therewith.

### SECTION 4 – LIMITED MUTUAL RELEASES

4.1     The Parties, and each of their past and present, direct and indirect, parents, subsidiaries, successors-in-interest, predecessors-in-interest, and affiliated companies, entities, partnerships, joint ventures, limited partnerships, and limited liability companies, and each of their respective current or former officers, directors, shareholders, partners, members, principals, heirs, administrators, executors, employees, servants, agents, attorneys and representatives, and the successors and assigns of each of them, do hereby release remise, acquit, and forever discharge each Party and each Party's past and present, direct and indirect, parents, subsidiaries, successors-in-interest, predecessors-in-interest, and affiliated companies, entities, partnerships, joint ventures, limited partnerships, and limited liability companies, and each of their respective current or former officers, directors, shareholders, partners, members, principals, heirs, administrators, executors, employees, servants, agents, attorneys and representatives, and the successors and assigns, from any claims and causes of action that were asserted in this Litigation (or, if a claim for unpaid contributions for time periods set forth in the Litigation (up to period ending December 9, 2017), could have been asserted in the

Litigation) or in connection with the Claim or Judgment, together with a release of attorneys' fees or costs associated with the Litigation (the "Released Claims"). Nothing in this release shall impact or effect the Funds' ability to file any confession of judgment in accordance with the terms of this Settlement Agreement or any Party's ability to seek to enforce any obligation or provision arising hereunder. The release from the Funds is limited to the delinquency time periods set forth in the Litigation and expressly excludes any withdrawal liability claim. The parties acknowledge the delinquency time periods set forth in the Litigation does not cover any claims accruing as of December 10, 2017 or thereafter.

4.2     Each Party to this Settlement Agreement covenants not to institute any litigation, claim, or legal or administrative proceeding related to the Released Claims against any other Party to this Settlement Agreement other than as may be necessary to enforce the terms of the Settlement Agreement.

## SECTION 5 - MISCELLANEOUS PROVISIONS

5.1     Notice to the WJL Construction, CNB, and William Lougheed, Jr. under this Settlement Agreement shall be by for WJL to dbuenaventura@wjlequities.com and for CNB and William Lougheed to bill@cnbcorp.net, with a copy to Brian Gardner, Esq. by email at BGardner@coleschotz.com, unless written notice is provided to the Funds of a change of address. Notice to the Funds under the terms of this Settlement Agreement shall be by email to Mario Bulding at mbulding@282trustfunds.com and Arthur J. Muller III, Esq., at aj@tfsllp.com.   Any notice or correspondence via email shall be deemed

transmitted and received on the day it is sent. The Parties agree any notice sent to pursuant to this Section shall be deemed sufficient, and no further method of notice is required.

5.2     It is the intent of the Parties that the terms, provisions, covenants, and remedies contained in this Settlement Agreement shall be enforceable to the fullest extent permitted by law. If any term, provision, covenant, or remedy provided in this Settlement Agreement shall, to any extent, be deemed by a court of competent jurisdiction to be invalid or unenforceable in whole or in part, then such term, provision, covenant, or remedy shall be severed from this Settlement Agreement and the remaining provisions shall remain in full force and effect.

5.3     This Settlement Agreement constitutes a complete and exhaustive expression by the Parties of their respective rights and obligations as to the subject matter of this Settlement Agreement and shall not be modified, amended or changed except in a writing signed by each of the Parties.

5.4     This Settlement Agreement constitutes an agreement within the meaning of Section 29 U.S.C. § 1145 and shall be enforceable in federal court and shall be governed by and construed in accordance with applicable federal laws. The Parties stipulate any litigation enforcing or interpreting the terms of this Settlement Agreement shall occur only in the federal courts of the Southern or Eastern District of New York or in the Supreme Court in the State and County of New York and shall be governed by the laws of the State of New York or any applicable federal law.

5.5     The Parties acknowledge they enter into this Settlement Agreement voluntarily and after having the opportunity to communicate with legal counsel and any

other experts or other advisors as they have deemed necessary.

5.6     The obligations of the Parties require that the Parties exercise good faith and best efforts in effectuating and fulfilling the obligations and mutual promises set forth herein. In furtherance thereof, the Parties agree at any time, and from time to time, to take such actions as may be reasonably requested and to execute any and all documents reasonably requested by any other Party to carry out and further the intent of this Settlement Agreement.

5.7     By executing this Settlement Agreement, the Parties agree to be bound by its terms. Any person or entity who succeeds to the rights, responsibilities, or obligations of any Party hereto, either by operation of law, assignment, or otherwise, including, without limitation and as applicable, any heirs, designees, next-of-kin, executors, administrators, legal representatives, successors, or assignees, are bound by the terms of this Settlement Agreement.

5.8     Any Party's execution of this Agreement is not, in any way, an admission as to any liability by any Party. By executing this Agreement, no Party acknowledges any liability or breach of duty or obligation to any other Party; rather, this Agreement merely represents a compromise among all Parties of disputed claims.

5.9     The Parties further acknowledge this Settlement Agreement relates solely to the Litigation, Claim and Judgment and does not cover any pension fund withdrawal liability claim that may exist or any other Funds' claim.

5.10    Each person signing this Settlement Agreement represents and warrants that he or she is duly authorized and has legal capacity and authority to execute and deliver this

Settlement Agreement and bind the Party or Parties for whom such execution is made.

5.11    This Settlement Agreement may be executed in any number of counterparts and by the Parties hereto on separate counterparts, each of which shall be an original and all of which, together, shall constitute one and the same document.  Electronic or facsimile signatures shall constitute original signatures for the purposes of this Settlement Agreement, except the affidavits of confessions of judgment (Exs. A-C), must be signed and notarized, and the original affidavits of confessions of judgment must be provided to counsel for the Funds (Trivella & Forte, LLP) at the time of execution of this Settlement Agreement.

5.12    All personal pronouns used in this Settlement Agreement, whether used in the masculine, feminine, or gender neutral, shall include all other genders; the singular shall include the plural and vice versa.  Titles of Sections or Paragraphs are strictly for convenience only and shall not modify the rights or obligations created by this Settlement Agreement.

5.13    The Parties acknowledge and agree that this Settlement Agreement was negotiated and drafted at arms-length with the input of all Parties and their respective counsel.  The Parties further acknowledge and agree that any questions or concerns have been addressed and satisfactorily resolved prior to the execution of this Settlement Agreement and, accordingly, no Party is presumptively entitled to have any provision of this Settlement Agreement construed against any other Party.  This Settlement Agreement shall be interpreted in a reasonable manner to effect the intent and purposes of the Parties.

5.14    No consent or waiver, express or implied, by a Party to or of any breach by a Party in the performance by it of its obligations hereunder shall be deemed or construed

to be consent or waiver to or of the breach in performance by such Party of the same or any other obligation of such Party hereunder. Failure on the part of any Party to complain of any act, failure to act, or to declare any other Party in default, regardless of how long such failure continues, shall not constitute a waiver by a Party of its rights hereunder. All consents and waivers shall be in writing and signed by the Party waiving compliance.

5.15    This Settlement Agreement shall become immediately effective and binding once all Parties have signed the Settlement Agreement. This Settlement Agreement cannot be changed except by a writing executed by all parties to this Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed on the dates below written.

**WJL EQUITIES CORP.**

Dated: ___10\6\___, 2019     By: _____

_____, President, with authority from the Board of Directors.

**WJL CONSTRUCTION CORP.**

Dated: ___10\10___, 2019     By: _____

_____, President, with authority from the Board of Directors.

**CNB CONTRACTING CORP.**

Dated: ___10\10___, 2019     By: _____

William Loughead, Jr., President, with authority from the Board of Directors.

**282 Funds v WJL October 2019 Settlement Agreement – Signatures Con't**

**DANIELLE BUENAVENTURA**

Dated: 10/10, 2019     By: _____
                           Danielle Buenaventura

**WILLIAM LOUGHEED, JR.**

Dated: 10/10, 2019     By: _____
                           William Lougheed, Jr. Individually as
                           Guarantor of Payment

**THE LOCAL 282 TRUST FUNDS**

Dated: 10/29, 2019     By: _____
                                            , 282 Trustee

Dated: 10/29, 2019     By: _____
                                            , Employer Trustee

**Schedule A**

| Item | Category | Details | Year | Make/Model | Vin | Miles | Mixer | Fair Market Value |
|---|---|---|---|---|---|---|---|---|
| 1 | Rear discharge Concrete Mixer | Tri Axle | 2007 | Sterling LT9500 | 2FZMAZCV07AX88929 | 121,367 | 2007 ZM-410-HP - Zim-Mixer®, 10 cu. yard capacity, producing 80 cu. yards per hour | $ 85,000 |
| 2 | Rear discharge Concrete Mixer | Tri Axle | 2008 | Freightliner FLD120SD | 1FUJALCK68DZ93565 | 173,660 | 2008 ZM-410-HP - Zim-Mixer®, 10 cu. yard capacity, producing 60 cu. yards per hour | $ 100,000 |
| 3 | Rear discharge Concrete Mixer | Tri Axle | 1998 | Mack | 1M2B209C7WM023160 | 67,966 | 1999 ZM-410-HP - Zim-Mixer®, 10 cu. yard capacity, producing 60 cu. yards per hour | $ 40,000 |
| 4 | Rear discharge Concrete Mixer | Tri Axle | 2006 | Sterling LT9500 | 2FZMAZCV66AM34241 | 121,367 | 2006 ZM-410-HP - Zim-Mixer®, 10 cu. yard capacity, producing 80 cu. yards per hour | $ 70,000 |
| 5 | Rear discharge Concrete Mixer | Tri Axle | 2010 | Kenworth | 1XKDD4EX0AR255090 | 183,000 | 2018 ZM-410-HP - Zim-Mixer®, 10 cu. yard capacity, producing 80 cu. yards per hour | $ 175,000 |
| | | | | | | | Grand Total | $ 470,000 |

**SO ORDERED:**

Dated: Nov. 8, 2019
White Plains, NY

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------------x

THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY
D'AQUILA, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC
HERBST, THOMAS CORBETT and ROBERT G.
WESSELS as Trustees and fiduciaries of the Local 282
Welfare Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282 Job Training
Trust Fund, and the Local 282 Vacation and Sick Leave Trust
Fund,

Index No: _____

**CORPORATE
AFFIDAVIT OF
CONFESSION OF
JUDGMENT**

Plaintiffs,

- against -

WJL CONSTRUCTION CORP.,

Defendant.

------------------------------------------------------------------------x

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF WESTCHESTER  )

**DANIELLE BUENAVENTURA**, being duly sworn, deposes and says:

1.      I am the principal and an officer of WJL Construction Corp., a for-profit domestic
business corporation doing business in the State of New York with business address at 274
White Plains Rd. Eastchester NY 10709. I am duly authorized to make this affidavit of
confession of judgment on behalf of WJL Construction Corp.

2.      Defendant WJL Construction Corp. maintains its principal offices at 274 White
Plains Rd. Eastchester NY 10709.

3.      Defendant WJL Construction Corp. authorizes entry of judgment in the Supreme
Court of the State of New York, County of Westchester.

1

4.      This confession of judgment is for debts justly due to Plaintiffs arising out of the following facts:

      a.  Plaintiffs filed a lawsuit based on employee benefit fund delinquencies due and owing pursuant to collective bargaining agreement between WJL Equities Corp. and Local 282, IBT, with respect to which Plaintiffs are third-party beneficiaries, entitled *Gesualdi, et al., v WJL Equities Corp.*, Case No. 15-CV-05194 (E.D.N.Y.).

      b.  WJL Construction Corp. and CNB Contracting Corp. entered into a settlement agreement dated October 2019 with Plaintiffs (the "Settlement Agreement") to resolve the litigation in exchange for $972,000.00 (the "Settlement Amount"), payable pursuant to a payment schedule in the Settlement Agreement.

      c.  As part of the Settlement Agreement, WJL Construction Corp. agreed to execute this corporate affidavit of confession of judgment to secure Plaintiffs against any default with respect to the terms of the Settlement Agreement.

5.      Defendant WJL Construction Corp. hereby confesses judgment in this Court and hereby authorizes entry of judgment against it and in favor of Plaintiffs, their successors or assigns in the amount $972,000.00, less credit for any payments made pursuant to the Settlement Agreement.

6.      Defendant WJL Construction Corp. waives all defenses except actual payment or the improper, inappropriate, or premature filing of this confession of judgment, to the entry of this judgment against it in the amount of $972,000.00, less credit for any payments made pursuant to the Settlement Agreement.

7.      This affidavit is not for the purpose of securing Plaintiffs against a contingent liability and is not an installment loan within the prohibition of C.P.L.R. § 3201.

8.    Defendant WJL Construction Corp. consents to the personal jurisdiction of the federal and state Courts of the State of New York over this matter.

WJL Construction Corp.

By: _____

DANIELLE BUENAVENTURA
Principal and Officer

CORPORATE ACKNOWLEDGMENT

STATE OF NEW YORK        )
                          ) ss.:
COUNTY OF _Westchester_  )

On the 10th day of October, 2019, before me personally came **DANIELLE BUENAVENTURA**, to me known, who, by me duly sworn did depose and say that deponent is the principal and an officer of WJL Construction Corp. which executed the foregoing Affidavit of Judgment By Confession, that he was authorized to execute the foregoing Affidavit of Judgment By Confession by the Board of Directors of WJL Construction Corp. and that he executed the same pursuant to such authority.

_____
Notary Public

MARTHA A. WATSON
Notary Public, State of New York
No. 01WA6290078
Qualified in Westchester County
Commission Expires October 7, 20 21

3

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------------x

THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY
D'AQUILA, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC
HERBST, THOMAS CORBETT and ROBERT G.
WESSELS as Trustees and fiduciaries of the Local 282
Welfare Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282 Job Training
Trust Fund, and the Local 282 Vacation and Sick Leave Trust
Fund,

Index No: _____

**CORPORATE
AFFIDAVIT OF
CONFESSION OF
JUDGMENT**

Plaintiffs,

- against -

CNB CONTRACTING CORP.,

Defendant.

--------------------------------------------------------------------------x

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF BRONX     )

**WILLIAM LOUGHEED, JR.**, being duly sworn, deposes and says:

1.      I am the owner of CNB Contracting Corp., a for-profit domestic business
corporation doing business in the State of New York with business address at 1140 Grinnel
Place, Bronx, New York 10474. I am duly authorized to make this Affidavit of Confession of
Judgment on behalf of CNB Contracting Corp.

2.      Defendant CNB Contracting Corp. maintains its principal offices at 1140 Grinnel
Place, Bronx, New York 10474.

3.      Defendant CNB Contracting Corp. authorizes entry of judgment in the Supreme
Court of the State of New York, County of Bronx.

1

4.      This Confession of Judgment is for debts justly due to Plaintiffs arising out of the following facts:

      a.   Plaintiffs filed a lawsuit based on employee benefit fund delinquencies due and owing pursuant to collective bargaining agreement between WJL Equities Corp. and Local 282, IBT, with respect to which Plaintiffs are third-party beneficiaries, entitled *Gesualdi, et al., v WJL Equities Corp.*, Case No. 15-CV-05194 (E.D.N.Y.).

      b.   WJL Construction Corp. and CNB Contracting Corp. entered into a settlement agreement dated October 2019 (the "Settlement Agreement") with Plaintiffs to resolve the litigation in exchange for $972,000.00 (the "Settlement Amount"), payable pursuant to a payment schedule in the Settlement Agreement.

      c.   As part of the Settlement Agreement, CNB Contracting Corp. agreed to execute this corporate affidavit of confession of judgment to secure Plaintiffs against any default with respect to the terms of the Settlement Agreement.

5.      Defendant CNB Contracting Corp. hereby confesses judgment in this Court and hereby authorizes entry of judgment against it and in favor of Plaintiffs, their successors or assigns in the amount $972,000.00, less credit for any payments made pursuant to the Settlement Agreement.

6.      Defendant CNB Contracting Corp. waives all defenses except actual payment or the improper, inappropriate, or premature filing of this confession of judgment, to the entry of this judgment against it in the amount of $972,000.00, less credit for any payments made pursuant to the Settlement Agreement.

7.      This affidavit is not for the purpose of securing Plaintiffs against a contingent liability and is not an installment loan within the prohibition of C.P.L.R. § 3201.

8.      Defendant CNB Contracting Corp. consents to the personal jurisdiction of the federal and state Courts of the State of New York over this matter.

CNB Contracting Corp.

By: _____

WILLIAM LOUGHEED, JR.

President and Principal

## CORPORATE ACKNOWLEDGMENT

STATE OF NEW YORK        )

                                                   ) ss.:

COUNTY OF _Westchester_   )

On the _10th_ day of October, 2019, before me personally came **WILLIAM LOUGHEED, JR.**, to me known, who, by me duly sworn did depose and say that deponent is the Principal of CNB Contracting Corp.  which executed the foregoing Affidavit of Judgment By Confession, that he was authorized to execute the foregoing Affidavit of Judgment By Confession by the Board of Directors of CNB Contracting Corp.  and that he executed the same pursuant to such authority.

_____

Notary Public

MARTHA A. WATSON
Notary Public, State of New York
No. 01WA6290078
Qualified in Westchester County
Commission Expires October 7, 2021

3

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------x

THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY
D'AQUILA, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC          Index No: _____
HERBST, THOMAS CORBETT and ROBERT G.
WESSELS as Trustees and fiduciaries of the Local 282
Welfare Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282 Job Training      **AFFIDAVIT OF**
Trust Fund, and the Local 282 Vacation and Sick Leave Trust   **CONFESSION OF**
Fund,                                                          **JUDGMENT**

                              Plaintiffs,

        - against -

WILLIAM LOUGHEED, JR,

                              Defendant.

-------------------------------------------------------------------x

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF WESTCHESTER     )


        **WILLIAM LOUGHEED, JR.,** being duly sworn, deposes and says:


    1.      I am the owner of CNB Contracting Corp. a for-profit domestic business corporation

doing business in the State of New York. I currently reside at

_29 Ward Drive_____, New York _10804_.

    2.      I authorize entry of judgment against me individually in the Supreme Court of the

State of New York, County of Westchester.


    3.      This confession of judgment is for debts justly due to Plaintiffs arising out of the

following facts:

                    a.      Plaintiffs filed a lawsuit based on employee benefit fund

        delinquencies due and owing pursuant to collective bargaining agreement between WJL

        Equities Corp. and Local 282, IBT, with respect to which Plaintiffs are third-party

1

beneficiaries, entitled *Gesualdi, et al., v WJL Equities Corp.*, Case No. 15-CV-05194 (E.D.N.Y.)

     b. WJL Construction Corp. and CNB Contracting Corp. entered into a settlement agreement dated October 2019 (the "Settlement Agreement") with Plaintiffs to resolve the litigation in exchange for Nine Hundred Seventy-Two Thousand Dollars ($972,000.00) (the "Settlement Amount"), payable pursuant to a payment schedule in the Settlement Agreement.

     c. As part of the Settlement Agreement, I agreed to execute this affidavit of confession of judgment to partially secure Plaintiffs against any default with respect to the terms of the Settlement Agreement.

  4. I hereby confess judgment against me in this Court and hereby authorize entry of judgment against me and in favor of Plaintiffs and their successors or assigns in the amount of Two Hundred Thousand Dollars ($200,000.00), less any payments made and value of liens enforced for which actual payment has been received by the Plaintiffs pursuant to the Settlement Agreement in excess of $772,000.

  5. I waive all defenses except actual payment to the entry of this judgment, the improper, inappropriate, or premature filing of this confession of judgment, against me in the amount of Two Hundred Thousand Dollars ($200,000.00), less any payments made and value of liens enforced for which actual payment has been received by the Plaintiffs pursuant to the Settlement Agreement in excess of $772,000.

  6. This affidavit is not for the purpose of securing Plaintiffs against a contingent liability and is not an installment loan within the prohibition of C.P.L.R. § 3201.

7.      I consent to the personal jurisdiction of the federal and state Courts of the State of
New York over this matter.

WILLIAM LOUGHEED, JR.

By: _____
WILLIAM LOUGHEED, JR.

Sworn to before me this
10th day of October 2019

_____
Notary Public

MARTHA A. WATSON
Notary Public, State of New York
No. 01WA6290078
Qualified in Westchester County
Commission Expires October 7, 2021

3